Evidentiary hearing ordered limited to whether involuntary plea coerced by failure of authorities to give medical treatment.

clusions which are refuted by the record. Relator makes no factual statement which warrants either the issuance of the writ or an evidentiary hearing. Relator is not entitled to the relief sought.

HAMLIN, J., is of the view that, considering the record as a whole, the showing made does not warrant the exercise of our supervisory or original jurisdiction.

243 So.2d 532

**STATE of Louisiana ex rel. Henry CLARK**

**v.**

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al.**

**No. 51152.**

Feb. 10, 1971.

243 So.2d 532

**Joseph E. DUCOTE et al.**

**v.**

**ALLSTATE INSURANCE COMPANY et al.**

**No. 51094.**

Feb. 10, 1971.

 The record reflects that relator, to avoid exposure to the death penalty on two counts of aggravated rape, pleaded guilty under a plea bargain, with the advice of two attorneys, to two counts of attempted rape, receiving 20 years on each count, the sentences to run concurrently. The application before us (he has filed three separate applications in the trial court) consists only of argument and con-

On the facts found by the Court of Appeal, there is no error of law in its judgment.